SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
RICHARD J. SIMMONS, Cal. Bar No. 72666
rsimmons@sheppardmullin.com
MATTHEW M. SONNE, Cal. Bar No. 239110
msonne@sheppardmullin.com
650 Town Center Drive, 4th Floor
Costa Mesa, California  92626-1993
Telephone:  714-513-5100
Facsimile:  714-513-5130

JOHN P. CASTRO, Cal. Bar No. 153985
jpc@i.frys.com
FRY'S ELECTRONICS, INC.
600 E. Brokaw Road
San Jose, California 95112
Telephone:  408-487-4748
Facsimile:  408-852-3316

Attorneys for Defendant
FRY'S ELECTRONICS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN DUSHMAN, individually and on behalf of other persons similarly situated and the general public<br><br>            Plaintiffs,<br><br>  v.<br><br>FRY'S ELECTRONICS, INC.; and DOES 1 to 10, inclusive<br><br>            Defendants. | Case No. CV11-4849-CAS (PLAx)<br><br>The Honorable Christina A. Snyder<br><br>**DEFENDANT FRY'S ELECTRONICS, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND STAY THE ACTION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[*Declaration of Matthew M. Sonne; Declaration of Lisa Souza; and Proposed Order filed concurrently herewith*]<br><br>Date:    August 15, 2011<br>Time:   10:00 a.m.<br>Ctrm:   5<br><br>Complaint Filed:  April 27, 2011<br>Trial Date:  None Set |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................................3

II. STATEMENT OF FACTS......................................................................................4

III. LEGAL ARGUMENT .............................................................................................5

    A. The Claims In The Complaint Must Be Arbitrated Because They Fall Within The Arbitration Agreements..................................................5

        1. Applicable law mandates enforcement of the Arbitration Agreement..............................................................................................5

        2. The Arbitration Agreement expressly covers the claims in the Complaint......................................................................................6

    B. This Action Must Be Stayed Pending Completion of Arbitration..........7

IV. CONCLUSION .......................................................................................................7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

Allied-Bruce Terminix Cos. v. Dobson
    513 U.S. 265 (1995) .................................................................................... 5

AT&T Mobility, LLC v. Concepcion
    131 S.Ct. 1740 (2011) .................................................................................. 6

Circuit City Stores v. Adams
    532 U.S. 105 (2001) .................................................................................... 5

Dean Witter Reynolds, Inc. v. Byrd
    470 U.S. 213 (1985) .................................................................................... 6

Moses H. Cone Mem'l Hosp. v. Mercury Constr., Corp.
    460 U.S. 1 (1983) ........................................................................................ 6

**Federal: Statutes, Rules, Regulations, Constitutional Provisions**

9 U.S.C. § 1. ........................................................................................................ 5

9 U.S.C. § 2 ......................................................................................................... 5

9 U.S.C. § 3 ......................................................................................................... 7

9 U.S.C. § 4 ..................................................................................................... 5, 6

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on August 15, 2011, at 10:00 a.m., or as soon thereafter as counsel may be heard in Courtroom 5 of the above entitled Court, located at 312 N. Spring Street, Los Angeles, California, Defendant Fry's Electronics, Inc. ("Defendant" or "Fry's") will and hereby does move this Court, pursuant to the Federal Arbitration Act, 9. U.S.C. § 1 et seq., for an order to (1) compel Plaintiff Brian Dushman ("Plaintiff") to arbitrate his claims as set forth in the Complaint; and (2) stay these legal proceedings until the arbitration requested by its petition to compel arbitration is conducted.

This Motion is made on the grounds that Plaintiff entered into the Agreement To Arbitrate Disputes Regarding Employment whereby he agreed to arbitrate categories of disputes that might arise, including all claims covered by the Complaint.  Fry's has requested that Plaintiff stipulate to move this matter to arbitration, but the parties have not reached agreement regarding the foregoing. Therefore, Fry's files the instant Motion.

This Motion is further made on the grounds that pursuant to the Federal Arbitration Act, 9. U.S.C. § 3, if the Court grants the motion to compel arbitration, the Court must grant the motion to stay the proceedings until the arbitration is conducted.

This Motion is made following a conference of counsel pursuant to L.R. 7-3, which took place on June 17, 2011.[1]  See Declaration of Matthew M. Sonne, ¶ 2.

---

[1] In the event that Plaintiff agrees to arbitrate all of his claims before the hearing on the instant motion, Defendant will take the motion off-calendar.

1          This Motion is based upon this Notice of Motion and Motion, the
2  Memorandum of Points and Authorities in support, the Declarations of Matthew M.
3  Sonne and Lisa Souza in support, and on all other matters on file or deemed to be on
4  file or of which notice may be taken at the time of any hearing on this Motion.

6  Dated: July 13, 2011

7                                SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

9                      By      */s/ Matthew M. Sonne*
10                               RICHARD J. SIMMONS
                              MATTHEW M. SONNE
11                               Attorneys for Defendant
12                               FRY'S ELECTRONICS, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

This lawsuit arises out of Plaintiff Brian Dushman's ("Plaintiff") employment with Fry's Electronics, Inc. ("Fry's"). Plaintiff entered into an agreement to submit any and all disputes between the employee and Fry's arising from or in any way related to the employee's employment by Fry's to final and binding arbitration ("Arbitration Agreement"). Plaintiff executed the Arbitration Agreement on September 11, 2006.

On April 27, 2011, Plaintiff filed his Complaint in Los Angeles Superior Court which alleges a total of four purported causes of action for (1) failure to pay vested vacation pay, (2) sex discrimination, (3) failure to provide required seats, and (4) unfair competition. Fry's disputes these claims. In any case, all of the claims arise out of and are related to Plaintiff's employment by Fry's, rendering these claims within the scope of the Arbitration Agreement by its express terms. Therefore, Fry's is entitled to have the claims in the Complaint resolved by binding arbitration in accordance with the Arbitration Agreement.

In addition, the Federal Arbitration Act ("FAA") mandates that, if the Court grants Fry's motion to compel arbitration, it must also grant its motion to stay the proceedings until the arbitration is conducted.

Accordingly, Fry's hereby moves the Court for an order directing Plaintiff to arbitrate all of the claims in the Complaint in accordance with Plaintiff's Arbitration Agreement or as may otherwise hereafter be agreed to by the parties, and moves that the Court grant an order staying these judicial proceedings until this matter has been arbitrated.

## II.

## STATEMENT OF FACTS

Plaintiff is a former employee of Fry's.  <u>See</u> Complaint § 14.  Plaintiff executed the Arbitration Agreement on September 11, 2006.  The agreement states, in pertinent part:

> "[A]ny and all disputes between [Plaintiff] and [Fry's] . . . arising from or in any way related to [Plaintiff's] employment by [Fry's], including but not limited to . . . violations of state or federal laws and regulations related to . . . discrimination . . ., shall be determined and decided by final and binding arbitration pursuant to the provisions of the Federal Arbitration Act, and to the extent applicable and consistent with the Federal Arbitration Act, state law to the extent it does not preclude or delay arbitration.  In order to fully benefit from the arbitration process, [Plaintiff] and [Fry's] understand that they are waiving all rights to a jury trial."  <u>See</u> Declaration of Lisa Souza ("Souza Decl.") ¶ 3; Exh. A.

The Complaint was filed on April 27, 2011.  All of its purported causes of action arise out of and are otherwise related to the employment relationship between Plaintiff on the one hand, and Fry's on the other hand, and concern disputes between them.  The four purported causes of action are styled as:

   1.   Failure to pay vested vacation pay;
   2.   Sex discrimination;
   3.   Failure to provide required seats; and
   4.   Unfair competition.

Each and every one of these purported causes of action arises from and is related to Plaintiff's employment relationship with Fry's.  Consequently, they expressly fall within the subject matter of issues covered by the Arbitration Agreement.

Fry's has requested that Plaintiff stipulate to move the claims to the arbitration forum pursuant to the Arbitration Agreement, but the parties have not reached agreement regarding the foregoing.  <u>See</u> Declaration of Matthew M. Sonne

("Sonne Decl."), ¶ 2.  Under the Arbitration Agreement and applicable law, those claims must be submitted to arbitration, and Fry's files this Motion seeking an order compelling arbitration of the matters raised by the Complaint.

## III.

## LEGAL ARGUMENT

### A. The Claims In The Complaint Must Be Arbitrated Because They Fall Within The Arbitration Agreements

#### 1. Applicable law mandates enforcement of the Arbitration Agreement

Fry's is entitled to an order compelling arbitration under the FAA, 9 U.S.C. § 1 et seq.  The FAA applies to all arbitration agreements "evidencing a transaction involving commerce."  9 U.S.C. § 2.  The United States Supreme Court has unequivocally affirmed that the FAA applies to a written arbitration agreement in the employment context in that such an agreement is a "contract evidencing a transaction involving commerce" within the meaning of section 2 of the FAA.  See Circuit City Stores v. Adams, 532 U.S. 105, 109, 113-114 (2001).  Therefore, the FAA governs the Arbitration Agreement.

The FAA reflects Congress' direct intent to enforce agreements to arbitrate and affirms the principle that federal law favors arbitration.  Allied-Bruce Terminix Cos. v. Dobson, 513 U.S. 265, 270 (1995).  Section 4 of the FAA provides that a court "shall" order arbitration if it determines that an agreement to arbitrate the controversy exists:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court…for an order directing that such arbitration proceed in the manner provided for in such agreement…The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.

9 U.S.C. § 4 (emphasis added).

> As the United States Supreme Court has expressly stated:
>
> "By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed. [9 U.S.C.] §§ 3, 4." (Italics in original.)

See Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985). Thus, the United States Supreme Court has soundly stated that federal courts are to come down strongly in favor of arbitration over a judicial forum to resolve disputes covered by an arbitration agreement.

Indeed, the United States Supreme Court recently reaffirmed the FAA's pro-arbitration policy. In AT&T Mobility, LLC v. Concepcion, 131 S.Ct. 1740, 1748 (2011), the Supreme Court stated that "[t]he 'principal purpose' of the FAA is to 'ensur[e] that private arbitration agreements are enforced according to their terms." Id. at 1748 (internal citations omitted). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration . . . " Moses H. Cone Mem'l Hosp. v. Mercury Constr., Corp., 460 U.S. 1, 24-25 (1983).

For the foregoing reasons, the Court should grant this motion to compel all of the claims in the Complaint.

**2. The Arbitration Agreement expressly covers the claims in the Complaint**

As noted above, Plaintiff is a party to an Arbitration Agreement that requires the employee to submit any and all disputes between the employee and Fry's "arising from or in any way related to" the employee's employment by Fry's to final and binding arbitration. See Souza Decl. ¶ 3; Exh. A. Moreover, the Arbitration Agreement expressly covers claims for violation of California law related to discrimination.

A review of the Complaint reveals that each purported cause of action contained therein is "arising from" and "related to" the Plaintiff's employment relationship with Fry's. Plaintiff's allegation of sex discrimination is based on loss of opportunities to earn commission. Complaint ¶ 22. The remaining allegations in the Complaint relate to California's wage and hour laws. Therefore, all of the claims are subject to binding arbitration under the Arbitration Agreement and should be ordered to arbitration.

**B.     This Action Must Be Stayed Pending Completion of Arbitration**

When there is a valid arbitration agreement, the action must be stayed pending arbitration. The FAA mandates:

> "If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, <u>shall</u> on application of one of the <u>parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement</u>. . ."

9 U.S.C. § 3 (emphasis added). Therefore, if the Court grants the motion of Fry's to compel arbitration, it must also grant its motion to stay the proceedings until the arbitration is conducted. Hence, Fry's requests that the Court enter an order staying these judicial proceedings until this matter has been arbitrated.

## IV.
## CONCLUSION

Plaintiff is party to a valid and binding mandatory arbitration agreement with Fry's covering the exact claims Plaintiff seeks to litigate through the judicial process. Fry's is entitled to have this agreement enforced, however, the parties have not reached agreement to arbitrate under the terms of the Arbitration Agreement despite the demand by Fry's to do so. Therefore, Fry's respectfully

1 | requests that the Court grant its motion to compel arbitration and stay this action
2 | pending arbitration.
3 |
4 | Dated:  July 13, 2011

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By      */s/ Matthew M. Sonne*
RICHARD J. SIMMONS
MATTHEW M. SONNE
Attorneys for Defendant
FRY'S ELECTRONICS, INC.

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

### U.S.D.C.-Central Case No. 2:11-CV-04849-CAS (PLAx)

I am employed in the County of Orange; I am over the age of eighteen years and not a party to the within entitled action; my business address is 650 Town Center Drive, 4th Floor, Costa Mesa, California 92626-1993.

On **July 13, 2011**, I served the following document(s):

**Defendant Fry's Electronics, Inc.'s Notice of Motion and Motion to Compel Arbitration and Stay the Action; and Memorandum of Points and Authorities in Support Thereof;**

**Declaration of Matthew M. Sonne in Support of Defendant Fry's Electronics, Inc.'s Motion to Compel Arbitration;**

**Declaration of Lisa Souza in Support of Defendant Fry's Electronics, Inc.'s Motion to Compel Arbitration; and**

**[Proposed] Order Granting Defendant Fry's Electronics, Inc.'s Motion to Compel Arbitration and Stay The Action**

described as on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

John P. Castro, Esq.
Fry's Electronics, Inc.
600 E. Brokaw Road
San Jose, CA 95112

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **July 13, 2011**, at Costa Mesa, California.

James E. Summers

-9-