1 │ SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  │   A Limited Liability Partnership
2 │   Including Professional Corporations
  │ RICHARD J. SIMMONS, Cal. Bar No. 72666
3 │ rsimmons@sheppardmullin.com
  │ MATTHEW M. SONNE, Cal. Bar No. 239110
4 │ msonne@sheppardmullin.com
  │ 650 Town Center Drive, 4th Floor
5 │ Costa Mesa, California 92626-1993
  │ Telephone: 714-513-5100
6 │ Facsimile:  714-513-5130

7 │ JOHN P. CASTRO, Cal. Bar No. 153985
  │ jpc@i.frys.com
8 │ FRY'S ELECTRONICS, INC.
  │ 600 E. Brokaw Road
9 │ San Jose, California 95112
  │ Telephone: 408-487-4748
10 │ Facsimile:  408-852-3316

11 │ Attorneys for Defendant
   │ FRY'S ELECTRONICS, INC.

12 │

13 │                UNITED STATES DISTRICT COURT

14 │              CENTRAL DISTRICT OF CALIFORNIA

15 │

| | |
|---|---|
| 16 BRIAN DUSHMAN, individually and on behalf of other persons similarly | Case No. CV11-4849-CAS (PLAx) |
| 17 situated and the general public | The Honorable Christina A. Snyder |
| 18              Plaintiffs, | **DECLARATION OF MATTHEW M. SONNE IN SUPPORT OF DEFENDANT FRY'S ELECTRONICS, INC.'S MOTION TO COMPEL ARBITRATION** |
| 19      v. | |
| 20 FRY'S ELECTRONICS, INC.; and DOES 1 to 10, inclusive | |
| 21 | |
| 22              Defendants. | Date:      August 15, 2011 |
| 23 | Time:      10:00 a.m. Crtrm.:    5 |
| 24 | Complaint Filed:   April 27, 2011 |
| 25 | Trial Date:           None Set |

26 │

27 │

28 │

-1-

DECLARATION OF MATTHEW M. SONNE

## DECLARATION OF MATTHEW M. SONNE

I, Matthew M. Sonne, declare:

1.      I am an attorney duly admitted to practice before this Court.  I am an associate with SHEPPARD, MULLIN, RICHTER & HAMPTON LLP, attorneys of record for Defendant Fry's Electronics, Inc. ("Defendant" or "Fry's").  If called as a witness, I could and would competently testify to all facts within my personal knowledge except where stated upon information and belief.

2.      On June 17, 2011, I conferred with Plaintiff's counsel in an effort to resolve the issues raised in the instant motion.  Fry's requested that Plaintiff Brian Dushman stipulate to move his claims to the arbitration forum pursuant to the Arbitration Agreement, but the parties have not reached agreement regarding the foregoing.  A true and correct copy of the parties' meet and confer correspondence is attached hereto as Exhibit A.

I declare under penalty of perjury under the laws the law of the United States of America that the foregoing is true and correct.  Executed this 13th day of July 2011, in Costa Mesa, California.

MATTHEW M. SONNE

# EXHIBIT "A"

# **EXHIBIT "A"**

Exhibit A

3



650 Town Center Drive | 4th Floor | Costa Mesa, CA 92626-1993
714-513-5100 *office* | 714-513-5130 *fax* | **www.sheppardmullin.com**

Matthew M. Sonne
Writer's Direct Line: 714-424-2802
msonne@sheppardmullin.com

June 17, 2011

Our File Number: 0NZA-162317

<u>Via Facsimile & U.S. Mail</u>
Jeffrey M. Schwartz, Esq.                    Manuel H. Miller, Esq.
SCHWARTZ LAW, P.C.                          LAW OFFICES OF MANUAL H. MILLER
629 Camino De Los Mares, Suite 203          20750 Ventura Blvd., Suite 440
San Clemente, California 92673              Woodland Hills, California 91364

    Re:  <u>Brian Dushman v. Fry's Electronics, Inc.</u>
        USDC Case No. CV11-4849-CAS (PLAx)

Counsel:

    Enclosed please find a copy of Brian Dushman's Agreement to Arbitrate Disputes Regarding Employment that he signed in September 2006.

    It is indisputable that Plaintiff's causes of action in the above-referenced matter fall within the scope of his arbitration agreement with Fry's. Thus, we ask that Plaintiff stipulate to his case being adjudicated in binding arbitration. This stipulation will avoid the unnecessary time and expense of a motion and hearing. Please let us know if Plaintiff is amenable to this stipulation, and we will prepare it.

    We await your response to our stipulation proposal. Should you have any questions, please do not hesitate to contact me.

        Very truly yours,

        Matthew M. Sonne

    for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

W02-WEST:3MMS1\403634905.1
Enclosure

Exhibit A
4

April 2006                                                                                                  Page 59

## C.  AGREEMENT TO ARBITRATE DISPUTES REGARDING EMPLOYMENT

II.  **Agreement To Arbitrate** - In consideration of the continuation of the employment relationship, ___Brian Dushman___, hereinafter referred to as "Associate", and Fry's Electronics, Inc., hereinafter referred to as "Employer," hereby agree that any and all disputes between Associate and Employer (including related disputes between Associate and other associates or agents of Employer and entities legally related to Employer) arising from or in any way related to Associate's employment by Employer, including but not limited to, claims for damages and violations of state or federal laws and regulations related to harassment, wrongful termination, and/or discrimination (excluding claims for workers' compensation or unemployment insurance) shall be determined and decided by final and binding arbitration pursuant to the provisions of the Federal Arbitration Act, and to the extent applicable and consistent with the Federal Arbitration Act, state law to the extent it does not preclude or delay arbitration. In order to fully benefit from the arbitration process, Associate and Employer understand that they are waiving all rights to a jury trial.

II.  **How To Request Arbitration** - All disputes will be resolved by a single neutral Arbitrator. The Arbitrator shall be selected by agreement of the Associate and Employer, or by order of the court if the Associate and Employer cannot agree. The requesting party shall submit a written notice ("Demand") to the other party. The Demand shall be submitted to the Associate at his or her last known address, and to the Employer at the following address: Fry's Electronics, Inc.; Legal Department; 600 E. Brokaw Road; San Jose, CA 95112. The Demand shall include the names, addresses, and telephone numbers of the parties, a brief statement of the nature of the dispute, and the remedy sought. The Demand shall be made within one year of the date when the dispute arose, or within one year of the termination of employment, whichever occurs first. However, if the claim arises under a statute providing for a longer time to file a claim, that statute shall govern. Venue for the arbitration shall be in Santa Clara County, California, or if the Associate lives more than 50 miles from said county, within 50 miles of the location at which the Associate last worked for the Employer. Venue may be different as necessary in multi-party cases.

III.  **Pleadings and Procedures** - Within thirty calendar days of selection of the Arbitrator, the responding party shall file an Answer, Demurrer, Motion to Strike, Motion to Dismiss, and/or Counterclaim in accordance with the applicable arbitration rules and procedures. The Arbitrator shall rule on the Demurrer or Motion to Strike or Motion to Dismiss within 15 calendar days of service of the opposing or reply papers. Either party shall be permitted to file a motion for summary judgment and/or summary adjudication. The motion shall be heard no later than 30 days before the arbitration date. The parties shall be permitted to file any other motions as may be necessary and as permitted by the Arbitrator. Affirmative defenses (including those based on a statute of limitations, failure to exhaust administrative remedies and pre-emption based on workers' compensation law) shall be available to the parties. The Arbitrator shall set all relevant filing deadlines and hearing dates in consultation with the parties.

IV.  **Discovery** - The Arbitrator shall have the authority to order discovery that he/she deems adequate and necessary to enable each party to arbitrate the claims, including but not limited to depositions, interrogatories, or requests for production of documents. The Arbitrator shall also have the authority to rule on all discovery disputes and/or discovery motions.

V.  **Arbitrator's Award** - The Arbitrator shall be permitted to award only those remedies requested by the parties, supported by credible evidence, and authorized by law. The Arbitrator shall issue a written award and statement of decision specifying the applicable factual and legal findings and conclusions on which the award is based.

VI.  **Severability** - In the event that any term or provision of this Agreement is determined to be illegal, invalid, or unenforceable to any extent, such term or provision shall be enforced to the extent permissible under the law and all remaining terms and provisions hereof shall continue in full force and effect.

VII.  **Employment-At-Will** - Nothing in this Agreement shall override the rights of the Associate or the Employer to sever the employment relationship at will.

Dated: ___9/11___, ___06___

"ASSOCIATE"                                               "EMPLOYER" – FRY'S ELECTRONICS, INC.

By: ___Brian Dushman___                                   By: ___USA SOUTH___
         Printed Name of Associate                                  Printed Name of Store/Asst. Store Manager or Above

Signature: _____                            Signature: _____

*(TO BE SENT TO BENEFITS SERVICES VIA COURIER MAIL)*

Exhibit A

5

**Matthew Sonne**

| | |
|---|---|
| **From:** | Jeff Schwartz [jeff@jeffschwartzlaw.com] |
| **Sent:** | Monday, July 11, 2011 5:03 PM |
| **To:** | Matthew Sonne |
| **Subject:** | RE: DUSHMAN v. FRY'S |

Matthew –

Sorry for the delay, I've been researching this issue.  Mr. Dushman's personal claims appear arbitrable.  However, according to *Broughton v. Cigna Healthplans of California* (1999) 21 Cal.4th 1066, 1077, "when the plaintiff is acting authentically as a private attorney general, such a remedy may be inherently incompatible with arbitration."  Based upon that, it doesn't appear that our third cause of action seeking PAGA penalties for failure to provide seats for others is arbitrable.  What are your thoughts?

Also, I'm going amend our complaint this week.  Please let me know if you'll stipulate or if I need to make a motion.

Jeff
--
Jeffrey M. Schwartz, Esq.*
SCHWARTZ LAW, P.C.
629 Camino de los Mares, Suite 203
San Clemente, CA  92673
Ph  888.7300.LAW
Fax 949.481.8836
jeff@JeffSchwartzLaw.com
* Admitted in California and Nevada
Trial Lawyers College, Class of Fall 2010

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged and may be protected by the Electronic Communications Privacy Act, 18 USC §§2510-2521.  It is intended solely for the recipient addressee listed above and may not be forwarded or sent to any other recipient in any form.  If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is prohibited. If you have received this transmission in error, please immediately advise by reply e-mail to jeff@JeffSchwartzLaw.com or by calling (888) 7300-LAW and destroy the original transmission and its attachments without reading or saving in any manner. Thank you.

TAX NOTICE: The author is not a tax attorney.  Nothing in this email or any attachment is legal advice regarding taxes.

**From:** Matthew Sonne [mailto:MSonne@sheppardmullin.com]
**Sent:** Tuesday, July 05, 2011 1:20 PM
**To:** Jeff Schwartz
**Cc:** John P. Castro; Richard Simmons
**Subject:** RE: DUSHMAN v. FRY'S
**Importance:** High

Mr. Schwartz:

I never heard back from you after sending the email below....please advise ASAP, thanks.

Exhibit A

6

7/13/2011

Matthew M. Sonne, Esq.
Labor & Employment Practice Group
714.424.2802 | d
714.428.5979 | df
MSonne@sheppardmullin.com | Bio

# SheppardMullin

Sheppard Mullin Richter & Hampton LLP
650 Town Center Drive
4th Floor
Costa Mesa, CA 92626-1993
714.513.5100 | p
www.sheppardmullin.com

---

**From:** Matthew Sonne
**Sent:** Tuesday, June 28, 2011 1:44 PM
**To:** 'Jeff Schwartz'
**Subject:** RE: DUSHMAN v. FRY'S

Mr. Schwartz:

Fry's will pay 100% of the arbitrator's hourly rate.

Matthew M. Sonne, Esq.
Labor & Employment Practice Group
714.424.2802 | d
714.428.5979 | df
MSonne@sheppardmullin.com | Bio

# SheppardMullin

Sheppard Mullin Richter & Hampton LLP
650 Town Center Drive
4th Floor
Costa Mesa, CA 92626-1993
714.513.5100 | p
www.sheppardmullin.com

---

**From:** Jeff Schwartz [mailto:jeff@jeffschwartzlaw.com]
**Sent:** Tuesday, June 28, 2011 10:35 AM
**To:** Matthew Sonne
**Subject:** RE: DUSHMAN v. FRY'S

Matthew –

Your arbitration agreement doesn't state the costs or who will pay them.  Please provide me with that info.

Jeff

Exhibit A
7

7/13/2011

**From:** Matthew Sonne [mailto:MSonne@sheppardmullin.com]
**Sent:** Tuesday, June 28, 2011 10:25 AM
**To:** Jeff Schwartz; Richard Simmons; jpc@i.frys.com
**Cc:** Sean Feeney
**Subject:** RE: DUSHMAN v. FRY'S

Mr. Schwartz:

Thank you for your letter. I will discuss your requested stipulation with Fry's and advise. In the meantime, when will you be responding to my letter of June 17, 2011 regarding stipulating to arbitration? We would appreciate a response as soon as possible.

Matthew M. Sonne, Esq.
Labor & Employment Practice Group
714.424.2802 | d
714.428.5979 | df
MSonne@sheppardmullin.com | Bio

# SheppardMullin
Sheppard Mullin Richter & Hampton LLP
650 Town Center Drive
4th Floor
Costa Mesa, CA 92626-1993
714.513.5100 | p
www.sheppardmullin.com

---

**From:** Jeff Schwartz [mailto:jeff@jeffschwartzlaw.com]
**Sent:** Monday, June 27, 2011 1:35 PM
**To:** Richard Simmons; Matthew Sonne; jpc@i.frys.com
**Cc:** 'Sean Feeney'
**Subject:** DUSHMAN v. FRY'S

Please see attached.

--
Jeffrey M. Schwartz, Esq.*
SCHWARTZ LAW, P.C.
629 Camino de los Mares, Suite 203
San Clemente, CA 92673
Ph 888.7300.LAW
Fax 949.481.8836
jeff@JeffSchwartzLaw.com
* Admitted in California and Nevada
Trial Lawyers College, Class of Fall 2010

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged and may be protected by the Electronic Communications Privacy Act, 18 USC §§2510-2521.  It is intended solely for the recipient addressee listed above and may not be forwarded or sent to any other recipient in any form.  If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this

Exhibit A

8

transmission is prohibited. If you have received this transmission in error, please immediately advise by reply e-mail to jeff@JeffSchwartzLaw.com or by calling (888) 7300-LAW and destroy the original transmission and its attachments without reading or saving in any manner. Thank you.

TAX NOTICE: The author is not a tax attorney.  Nothing in this email or any attachment is legal advice regarding taxes.


Circular 230 Notice: In accordance with Treasury Regulations we notify you that any tax advice given herein (or in any attachments) is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of (i) avoiding tax penalties or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or in any attachments).

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

Exhibit A

7/13/2011