UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4849 CAS (PLAx) | Date | August 9, 2011 |
|---|---|---|---|
| Title | BRIAN DUSHMAN v. FRY'S ELECTRONICS, INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| RITA SANCHEZ | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY THE ACTION** (filed 07/13/11)

**PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** (filed 7/15/11)

**PLAINTIFF'S MOTION TO REMAND** (filed 7/15/11)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of August 15, 2011, is hereby vacated, and the matter is hereby taken under submission.

On April 27, 2011, plaintiff Brian Dushman, on behalf of himself and those similarly situated, filed a complaint in the instant action in Los Angeles Superior Court against defendant Fry's Electronics, Inc. ("Fry's"), alleging claims for: (1) failure to pay vested vacation time in violation of Cal. Lab. Code § 227.3; (2) sex discrimination in violation of Cal. Govt. Code § 12940(a); (3) failure to provide required seats in violation of Industrial Welfare Commission Order 7-2001; and (4) unfair competition in violation of Cal. Bus. & Prof. Code § 17200 et seq. On June 8, 2011, defendant removed the case to this Court pursuant to 28 U.S.C. § 1331 on the grounds that plaintiff's first claim for failure to pay vested vacation time was entirely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). Notice of Removal at 3.

On July 13, 2011, defendant filed a motion to compel arbitration and stay the instant action. On July 15, 2011, plaintiff filed a motion for leave to file a first amended

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4849 CAS (PLAx) | Date | August 9, 2011 |
|---|---|---|---|
| Title | BRIAN DUSHMAN v. FRY'S ELECTRONICS, INC. | | |

complaint, and a motion to remand the case to Los Angeles Superior Court.[1] On July 22, 2011, defendant filed an opposition to plaintiff's motion for leave to file a first amended complaint and an opposition to plaintiff's motion to remand. On July 25, 2011, plaintiff filed a notice of non-opposition to defendant's motion to compel arbitration and stay the case. On July 27, 2011, defendant filed a reply in support of its motion to compel arbitration.

      The Court GRANTS defendant's motion to compel arbitration and stay the case. The Court finds that the FAA requires it to stay the case and compel arbitration, in light of plaintiff's non-opposition to that motion. See Countrywide Home Loans, Inv. V. Mortgage Guaranty Insurance Co., 2011 U.S. App. LEXIS 12066 at *12 (9th Cir. June 15, 2011) ("FAA's mandatory terms, combined with the court's proper . . . jurisdiction, required the district court to reach the merits of [defendant's] motion [to stay pending arbitration] before it remanded the suit back to state court"); Sharif v. Wellness Intl. Network, Ltd., 276 F. 3d 720, 726 (7th Cir. 2004), citing Texaco Exploration v. AmClyde Engineered Prods. Co., 243 F. 3d 906, 909 (5th Cir. 2001) ("An application for arbitration by either party . . . requests the district court to refrain from further action in a suit pending arbitration, and requires the court to first determine whether there is a written agreement to arbitrate between the parties, and then whether any of the issues raised are within the reach of the agreement"). Therefore, the Court DENIES plaintiff's motions to amend and to remand the case as moot.

      IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | IM |

---

[1] Plaintiff sought to amend his complaint to withdraw his first claim. Plaintiff's motion to remand argued that this amendment would, in turn, divest this court of subject matter jurisdiction by removing the federal question from the case.